575 So.2d 669 (1990)
AMERICAN AIRLINES and the Travelers Insurance Co., Appellants,
v.
Beverly MILLER, Appellee.
No. 90-984.
District Court of Appeal of Florida, First District.
December 14, 1990.
Rehearing Denied March 27, 1991.
Guy A. Gladson, Jr., South Miami, for appellants.
Richard A. Sadow, Miami, for appellee.
SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order awarding the claimant wage-loss benefits from December 17, 1987 through March 5, 1990 and continuing. We reverse the award for the reasons set out below.
The record indicates that the claimant sustained a compensable injury to both knees on May 13, 1980, received medical treatment, and reached maximum medical improvement (MMI) on October 23, 1980. Although she continued to work full-time after her accident, the injury to her left knee eventually worsened, requiring her to undergo surgery in June of 1986. Claimant returned to work with restrictions on August 21, 1986. On December 17, 1987, she was placed on a medical leave of absence and did not return to work after that date.
In March of 1990, a hearing was conducted on claimant's claim for temporary partial disability and/or wage-loss benefits from December 17, 1987. After considering the evidence, the judge of compensation claims (JCC) found that the claimant originally reached MMI on October 23, 1980, became temporarily totally disabled following her 1986 surgery, reached MMI again on August 21, 1986, and "subsequent to the reattainment of maximum medical improvement on August 21, 1986 [was] again entitled to receive wage-loss benefits as long as she hasn't previously received 350 weeks of said benefits... ." The judge then awarded wage-loss benefits from December 17, 1987 through the date of the order and continuing.
Section 440.15(3)(b)3, Florida Statutes (1979) provides that a claimant's right to wage-loss benefits shall terminate:
a. As of the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months;
b. For injuries occurring on or before July 1, 1980, 350 weeks after the injured employee reaches the date of maximum medical improvement;

*670 c. For injuries occurring after July 1, 1980, 525 weeks after the injured employee reaches maximum medical improvement; or
d. When the injured employee reaches age 65,
whichever comes first.
(emphasis supplied)
In Monroe Furniture Company v. Bonner, 509 So.2d 1264 (Fla. 1st DCA 1987), this court held that the language of section 440.15(3)(b)3.a. referring to benefits "payable" permitted termination of wage-loss benefits to occur:
only if the claimant has demonstrated a capacity to earn as much or more than his pre-injury earnings, and not when, due to circumstances beyond the claimant's control, he is unable to collect benefits.... We say only that in order for the statutory limitation of section 440.15(3)(b)3.a. to apply, the evidence must disclose that wage-loss benefits were not payable solely because of the amount of income received by the worker, and not for any other reason.
509 So.2d at 1266-67 (emphasis in original).
In the instant case, the claimant is not eligible to receive the wage-loss benefits claimed since it is clear that more than two years elapsed after her initial October 23, 1980 MMI date without wage-loss benefits having been "payable" for at least three consecutive months. In fact, the evidence is undisputed that the claimant continued working full-time for more than six years after the accident, and that she did not become eligible for wage-loss benefits until December 17, 1987. Therefore, claimant clearly demonstrated a capacity to earn as much or more than her pre-injury earnings for more than two years following her October 23, 1980 MMI date.
Further, although we recognize that a claimant may have more than one MMI date, neither section 440.15(3)(b)3 nor the case law interpreting that section provides for any of the time limitations in subsection (3)(b)3 to be reactivated if the claimant does reach a subsequent point of MMI. Accordingly, we reverse the JCC's award of wage-loss benefits from December 17, 1987 and continuing, on the basis that the award is barred by section 440.15(3)(b)3.a., Florida Statutes (1979).
REVERSED.
BOOTH and ALLEN, JJ., concur.