WIGGINTON, Judge.
Appellants, employer/carrier appeal the JCC’s order awarding wage loss benefits to appellee from December 5, 1990 and continuing, after he had applied section 440.-15(3)(b)3.a., Florida Statutes (1985) to bar appellee’s claim for wage loss benefits from December 1988 through March 9, 1990. Appellee cross-appeals the JCC’s application of that statute to deny her claim for wage loss benefits from December 1988 until March 9, 1990. We reverse on the point raised on cross-appeal and remand for further proceedings.
Appellant injured her back in a work-related accident on September 20, 1985. She continued in her same employment with appellant McCrory Stores and even received two pay raises until she quit her job in December 1988 due to her back pain. The JCC specifically found that appellee injured her back twice more in compensable accidents in October 1985 and September 1987. In February 1986, appellee requested authorization from employer/carrier for chiropractic treatment, but employer/carrier denied that request.
Appellee’s original treating orthopedic surgeon, Dr. Montes, who retired in December 1987, testified that appellee reached maximum medical improvement in May 1986 with a five percent permanent impairment, due to which he imposed physical restrictions. After Dr. Montes’ retirement, appellee received very little medical care until March 9, 1990 when, on her own, she began seeing a chiropractor, Dr. Eplett, who found her unable to work at that time. He stated that his treatment improved her condition to the extent that he released her to light duty employment by December 5, 1990. Appellee filed a claim seeking authorization of chiropractic treatment from Dr. Eplett, and entitlement to indemnity benefits, including temporary total disability, temporary partial wage loss and wage loss.
The JCC accepted appellee’s testimony that, even without medical care, she continued to work for her employer, performing tasks which exceeded the physical limitations imposed upon her by her various doctors; that her discomfort and back pain increased as time passed so that she was unable to physically continue her employment at McCrory’s after December 1988, at which time she quit that job and began looking for other work within her restrictions; and that employer/carrier had not advised her during the years following her accident concerning her entitlement to *806 wage loss benefits. He recognized that the date of maximum medical improvement assigned by Dr. Montes preceded the third accident and that a neurosurgeon, who conducted an independent medical examination on appellee in March 1991 at the request of the employer/carrier, noted that appellee’s back condition had been persistent since her initial accident in 1985 and did not begin improving until she started receiving chiropractic treatments.
As to appellee’s claim for wage loss benefits for the period from December 1988 through March 9, 1990, when she was advised by Dr. Eplett not to work, the JCC found as follows:
Notwithstanding that the Employee/Claimant’s medical condition deteriorated because she was abandoned by her physician, that she was denied needed medical treatment, that her physical condition continued to deteriorate because she was forced to work beyond the physical limitations imposed upon her by her treating physician to the extent that she was unable to work by March 9, 1990, at which time she was totally disabled and in need of remedial medical attention and treatment, and that she was not notified of her entitlement to wage loss benefits, I find that I am precluded from awarding the Employee/Claimant wage loss benefits for the subject period pursuant to section 440.-15(3)(b)(3)(a), Florida Statutes.
He further declared:
I find that the Employee/Claimant’s medical and physical condition deteriorated due to the Employer/Carrier’s failure to comply with the self executing provisions of the Workers’ Compensation Statutes in abandoning the Employee/Claimant’s medical treatment when Dr. Montes retired and failing to furnish her with requested chiropractic treatment or other appropriate medical treatment. Because of this failure, the Employee/Claimant’s condition deteriorated to the extent that she needed remedial treatment and rehabilitation in order to recover to the extent that she was able to return to the employment market. Because she was not furnished with needed treatment, care and attendance, her condition deteriorated and she regressed from the point of maximum medical improvement and can be considered as not having reached maximum medical improvement for purposes of needing additional treatment, care and attendance.
Thereupon, he awarded appellee temporary total disability benefits from March 9, 1990 through December 5, 1990 and wage loss benefits from December 5, 1990 and continuing as needed.
Employer/carrier is correct that if section 440.15(3)(b)3.a., Florida Statutes (1985)[1] was correctly applied, then wage loss benefits are forever barred and the award of wage loss benefits from December 5, 1990 would be reversible. See American Airline and Travelers Insurance Company v. Miller, 575 So.2d 669 (Fla. 1st DCA 1990). However, application of that statute to bar appellee’s claim for wage loss benefits from December 1988 until March 1990 was inconsistent with other specific findings made by the JCC in his order. Application of the statute necessarily requires a determination of a date of maximum medical improvement after which more than two years passes during which wage loss benefits are not payable to a claimant for any consecutive three-month period. In the instant order, the JCC never specifically found that appellee reached maximum medical improvement prior to December 1988, but he did specifically find that she sustained compensable accidents in September and October 1985 and also in September 1987, and employer/carrier has not challenged those findings. If appellee suffered the third accident in September *807 1987, as the JCC found, the May 1986 maximum medical improvement date established by Dr. Montes would no longer be applicable and therefore could not be employed to defeat, pursuant to section 440.-15(3)(b)3.a., appellee’s claim for wage loss benefits for the period beginning in December 1988.
Further, the fact that wage loss benefits were not paid to appellee for the period prior to her termination of employment in December 1988 does not preclude a determination that they would have been payable to her had she not been working beyond her restrictions and thereby further deteriorating her condition. In that regard, the JCC specifically found:
I find that the employee/claimant was unaware of her rights pertaining to wage loss benefits and medical treatment prior to reaching maximum chiropractic medical improvement on December 5, 1990. Had the employee/claimant been aware of her rights, at the time Dr. Montes retired and her medical treatment was abandoned, she would not have continued to work beyond her physical limitations, would have sought appropriate medical care and treatment, and would have submitted appropriate wage loss requests during those periods when she was unable to work.
Therefore, we find that the JCC’s application of section 440.15(3)(b)3.a. cannot be upheld as it is inconsistent with his findings of fact. Consequently, we reverse his application of the statute to bar appellee’s claim for benefits for the period from December 1988 until March 1990 and remand for further proceedings, if necessary, to establish appellee’s date of maximum medical improvement from all accidents and for reconsideration of the requested benefits accordingly.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH and WEBSTER, JJ., concur.

. 440.15(3)(b)3.a., Florida Statutes (1985) provides:
3. The right to wage-loss benefits shall terminate:
a. As of the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months.