SMITH, Judge.
Claimant appeals an order of the Judge of Compensation Claims (JCC) determining that he is not entitled to wage loss benefits because they were barred by the provisions of section 440.15(3)(b)4.a., Florida Statutes,[1] which terminates the right to wage loss benefits at the end of any two-year period following maximum medical improvement (MMI) in which wage loss benefits were not payable during at least three consecutive months. We affirm.
Claimant, a police officer, injured his knee in the line-of-duty on December 6, 1983. He returned to work full-duty on October 30, 1984 and worked continuously thereafter, even receiving some promotions. He was declared at MMI on July 9, 1986 by his treating physician, Dr. Yamokoski, with a *130 permanent impairment rating of 35% of the extremity which equated to 14% of the whole man. This increase over an earlier impairment rating was due to claimant’s continual problems with his knee, especially after periods of lateral movement. Although claimant periodically visited Dr. Yamokoski for treatment of his knee, he continued in his full-duty status until June 27, 1990, when he retired from the police force on a line-of-duty pension. At all times, he received pay equal to or greater than his pre-injury wages.
The first doctor to declare that claimant could no longer perform his job was Dr. Susan Miller, who opined in a report dated December 8, 1989 that claimant could not run, climb, squat or stoop safely, and therefore was incapable of performing his regular duties as a police officer. Claimant received his first wage loss letter on November 2, 1989.
We reject claimant’s contention that the two-year period, provided for in section 440.-15(3)(b)4.a., did not commence to run until he received his first wage loss letter. Section 440.15(3)(b)4.a. contains no reference to the commencement of the two-year period by the sending of a wage loss letter. As the JCC found, claimant worked continuously for two years subsequent to MMI with no three-month period of wage loss eligibility. Moreover, claimant submitted no evidence that during the two-year period, wage loss was payable or that he was qualified to receive wage loss. See American Airlines v. Miller, 575 So.2d 669 (Fla. 1st DCA 1990), rev. denied, 583 So.2d 1036 (Fla.1991) (claimant not entitled to receive wage loss benefits where more than two years elapsed from her initial MMI date without wage-loss benefits having been “payable” for at least three consecutive months). Therefore, the failure to send a wage loss letter in this case was inconsequential. In that regard, we agree that it was within the JCC’s province to reject, as illogical and incredible, claimant’s contention that had he known that his continued employment would jeopardize his entitlement to wage loss, he would have claimed wage loss benefits in a timely fashion. Finally, we affirm claimant’s numerous constitutional challenges to section 440.15(3)(b)4.a., as claimant has not set forth a factual predicate, or otherwise met his considerable burden, demonstrating the constitutional infirmity of this particular statute.
AFFIRMED.
ALLEN and MICKLE, JJ., concur.

. At the time of claimant's accident, this statute was numbered section 440.15(3)(b)3.a.