BARFIELD, Judge.
The employer and servicing agent (E/SA) appeal from a worker’s compensation order in which the Judge of Compensation Claims (JCC) awarded wage loss benefits. The E/SA contend that the JCC used an incorrect legal standard in determining that the claimant’s right to wage loss benefits had not terminated pursuant to section 440.15(3)(b)3.a., Florida Statutes (1987). We agree and remand for reconsideration.
Section 440.15(3)(b)3.a. provides that the right to wage-loss benefits shall terminate “[a]s of the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months.” It was the E/SA’s position that no wage loss benefits were due after January 25, 1993, pursuant to the statute. In determining that the statute did not prohibit an award of wage loss benefits to the claimant, the JCC found:
... that claimant’s post-injury earnings during the entire two year period that he was employed by the employer herein were less than his pre-injury earnings. Based on the evidence presented, the amount of income received by the worker in this case was less than his pre-injury earnings during the entire time he was employed by the employer. If the amount of income received by a worker is less than his pre-injury earnings then the right to wage loss benefits will not terminate under § 440.15(3)(b), Florida Statutes.
The JCC made no findings regarding whether wage loss benefits were payable to the claimant during at least three consecutive months.
The claimant argues that the JCC did not use an inappropriate standard in applying the statute, relying upon the following language from Monroe Furniture Company v. Bonner, 509 So.2d 1264, 1267 (Fla. 1st DCA 1987):
Accordingly, we conclude that section 440.15(3)(b)3.a., which terminates the right to wage-loss benefits after the passage of the requisite two-year statutory period unless during such time wage-loss benefits were payable for three consecutive months, can mean only that such benefits will be terminated if during the three-month term the worker’s post-injury income equals or exceeds his pre-injury income.
The claimant’s reliance upon this language is misplaced. First, it was previously noted in Monroe that a reasonable interpretation of the statutory language, referring to benefits “payable,” found in section 440.15(3)(b)3.a., “is that subsection (3)(b)3.a., when considered in pari materia with the provisions of subsection (S)(b)l, permits termination of wage-loss benefits to occur only if the claimant has demonstrated a capacity to earn as much as or more than his pre-injury earnings, and not when, due to circumstances beyond the claimant’s control, he is unable to collect benefits.” 509 So.2d at 1266 (Emphasis added). Subsection (3)(b)l provides that an injured worker may be entitled to wage loss benefits, which benefits shall be equal to 95 percent of the difference between 85 percent of the employee’s average monthly wage and the salary, wages and other remuneration the employee is able to earn after reaching maximum medical improvement. Accordingly, the panel in Monroe was well aware of wage percentage requirements for the award of wage loss benefits. Additionally, immediately following the language relied upon by appellant, it was pointed out in Monroe that the holding did not lessen the employee’s burden of establishing his entitlement to wage-loss in a given ease. If the claimant’s post-injury income equals or exceeds his pre-injury income, the claimant is clearly not entitled to wage loss benefits pursuant to section 440.15(3)(b)l. The fact that the claimant’s post-injury income is below his pre-injury income, however, does not necessarily entitle the claimant to wage loss *66 benefits. If the claimant can not demonstrate any consecutive three-month period during a continuing two-year period that his income was below the statutory formula applied to his pre-injury income, then his right to wage loss would be terminated.
The claimant’s reliance upon Weiss v. City of Tampa Police Department, 632 So.2d 129 (Fla. 1st DCA 1994), is also unwarranted. In Weiss, a determination that the claimant was not entitled to wage loss benefits because such benefits were barred by the statutory provision at issue was affirmed. Although it was noted that the claimant received pay equal to or greater than his pre-injury wages, the panel also pointed out that the claimant worked continuously for two years subsequent to the date of maximum medical improvement with no three-month period of wage loss eligibility.
As noted in McCrory Stores v. Workman, 596 So.2d 804 (Fla. 1st DCA 1992), “[ajpplieation of the statute necessarily requires a determination of a date of maximum medical improvement after which more than two years passes during which wage loss benefits are not payable to a claimant for any consecutive three-month period.” The order on appeal is REVERSED. The matter is remanded to the JCC for reconsideration, including the presentation of further evidence, if needed.
KAHN and DAVIS, JJ., concur.